# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:21-cv-00282-MR

| | | |
|---|---|---|
| CHRISTOPHER ALLAN MCABEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU MARLOW, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 6], filed under 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 7, 9].

## I. BACKGROUND

Pro se Plaintiff Christopher Allan McAbee is a pretrial detainee currently at Gaston County Jail (the "Jail") in Gastonia, North Carolina. He filed this action on June 14, 2021, pursuant to 42 U.S.C. § 1983,[1] naming as Defendants FNU Marlow, identified as a Deputy at the Gaston County Sheriff's Office ("Sheriff's Office"); Alan Cloninger, identified as the Sheriff of

_____

[1] Plaintiff's original Complaint was illegible, and the Court ordered Plaintiff to file a legible Amended Complaint. [Docs. 1, 4]. The Court now reviews Plaintiff's Amended Complaint, [Doc. 6], which was filed on June 25, 2021.

Gaston County; and the Sheriff's Office.[2]  [Doc. 6 at 2-3].  Plaintiff sues Defendants Marlow and Cloninger in their individual and official capacities and purports to sue Defendant Sheriff's Office in these capacities as well. [Id.].  Plaintiff alleges as follows. On March 16, 2021, Plaintiff was placed in cell block "C" at the Jail.  One minute later Defendant Marlow entered the block and asked, "Who wants to fight?"  Defendant Marlow then looked at Plaintiff and asked, "You wanna fight me?  You wanna get beat up?"  Plaintiff responded, "It don't matter."   Defendant Marlow then attacked Plaintiff, forcing Plaintiff up the stairs "while gripping [Plaintiff] in a full Nelson." Marlow slammed Plaintiff's face against the stairs.  [Id. at 5].  Another inmate witnessed the incident and wrote a statement.  [Id.].  Plaintiff filed a grievance through the Jail kiosk, which was thrown away. On May 17, 2021, Defendant Marlow was conducting a round in "D" block, where Plaintiff was then apparently housed.  Plaintiff asked Marlow for his shield number.  Although Marlow initially refused and walked away, he returned and gave Plaintiff his shield number.  [Id. at 6].  Plaintiff makes no allegations against Defendant Cloninger or Defendant Sheriff's Office.  Plaintiff claims that this conduct violated his Fourteenth Amendment rights to due process and to be free from cruel and unusual punishment.  [Doc. 6 at 3].

---

[2] Plaintiff names the Sheriff's Office as the Sheriff's "Department."  [Doc. 6 at 3].

Plaintiff claims that he suffered various physical injuries, but that he did not receive medical treatment. [Id. at 7]. For relief, Plaintiff seeks compensatory damages and declaratory and injunctive relief. [Id.].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc.

3

Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Excessive Force

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, he has stated a claim against Defendant Marlow

4

under the Fourteenth Amendment based on the use of excessive force.

Plaintiff, however, has failed to state a claim against Defendants Cloninger and Sheriff's Office. He makes no allegations against these Defendants. Moreover, Defendant Sheriff's Office is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Furthermore, absent allegations to the contrary, it appears that Defendant Cloninger is named only in his supervisory capacity. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that liability under § 1983 is personal in nature, and the doctrine of respondeat superior does not apply). The Court will, therefore, dismiss Defendants Cloninger and Sheriff's Office on initial review.

**B.    Due Process**

Plaintiff appears to allege that his Fourteenth Amendment due process rights were violated because the grievance he submitted regarding the incident was "thrown away." [See Doc. 6 at 4, 6]. "The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). As such, Plaintiff has failed to state a claim for Constitutional violation based on his grievance having been thrown away. The Court will dismiss this claim under 28 U.S.C. § 1915(e).

5

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendant Marlow for violation of Plaintiff's Fourteenth Amendment rights based on the use of excessive force survives initial review.   Plaintiff's due process claim and the claims against Defendants Cloninger and Sheriff's Office are dismissed.

### ORDER

**IT IS THEREFORE ORDERED** that all claims against Defendants Alan Cloninger and Gaston County Sheriff's Department and all Plaintiff's claims based on the violation of his due process rights under the Fourteenth Amendment are **DISMISSED** on initial review under 28 U.S.C. § 1915(e).

The Clerk of Court is instructed to mail a blank summons to Plaintiff to fill out and identify Defendant Marlow for service of process, and then return the summons to the Court.   Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendant Marlow.   When the Court receives the summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendant Marlow.

**IT IS SO ORDERED**.      Signed: August 9, 2021

Martin Reidinger
Chief United States District Judge