UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00282-MR

| CHRISTOPHER ALLAN MCABEE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU MARLOW, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Christopher Allan McAbee ("Plaintiff") was recently incarcerated at Bertie Correctional Institution ("Bertie") in Windsor, North Carolina. Plaintiff filed this action on June 14, 2021, pursuant to 42 U.S.C. § 1983. [See Doc. 1]. On August 9, 2021, Plaintiff's Amended Complaint survived initial review as to Plaintiff's Fourteenth Amendment excessive force claim against Defendant FNU Marlow. [Docs. 6, 10]. The remaining claims and Defendants were dismissed. [Doc. 10]. The Clerk mailed Plaintiff a blank summons to fill out and identify Defendant Marlow for service of process. [Id. at 6]. The Court ordered that Plaintiff was "required to provide

the necessary information for the U.S. Marshal to effectuate service on Defendant Marlow." [Id.]. Plaintiff, however, has failed to return the completed summons as ordered and Defendant Marlow remains unserved.

On February 7, 2022, the Court notified Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendant within 14 days of the Court's Order. [Doc. 18]. On March 1, 2022, the Court's Order was returned as undeliverable because Plaintiff had been "released." [Doc. 20]. The same day, the Court received Plaintiff's notification, dated February 21, 2022, that his address had changed from Bertie to the Gaston County Jail in Gastonia, North Carolina. [Doc. 19]. In this Notice, Plaintiff claimed that he "[had] not been able to recive [*sic*] or send out any document(s)" pertaining to this action because the Gaston County Sheriff's Office was withholding writing paper and a pen. [Id.]. Plaintiff, apparently, was able to procure pen and paper to send this Notice.

Having notice that Plaintiff did not receive the Show Cause Order, the Court directed the Clerk's Office to mail another copy to Plaintiff at Gaston County Jail, which the Clerk's Office did on March 3, 2022. Given the delay in getting Plaintiff the Show Cause Order Order, the Court has allowed Plaintiff more than three additional weeks to respond thereto. Plaintiff,

however, has not responded to the Court's Show Cause Order.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review of Plaintiff's Amended Complaint in this case occurred on August 9, 2021. [Doc. 10]. Plaintiff, therefore, had until November 8, 2021 to serve Defendant. As noted, the Court notified Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendant Marlow. [Doc. 18]. Plaintiff has not timely responded to the Court's Show Cause Order, even with the additional time given by the Court. The Court, therefore, will dismiss this action.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 27, 2022

Martin Reidinger
Chief United States District Judge